# 8228

NO. 8228

Court of Appeal

Parish of Orleans.

-----

ALLEN H. JOHNESS et al

versus

FREDERICK P. MILLER.

-------

Court of Appeal,
PARISH OF ORLEANS.
FILED APR 24 2⁴
Tunshiny

405

Dinkelspiel; J.

The petition of plaintiff represents:

"The petition of Allen H. Johness and A. H. Ahten, both of lawful age and residents of the Parish of Jefferson, and of C. A. Beuchler, District Attorney, for the 28th Judicial District, for the Parish of Jefferson, with respect shows:

That the defendant herein, Frederick P. Miller, is a resident and domiciled in the Parish of Jefferson and is the owner of certain property located in the Parish of Jefferson, described as lots Nos. 18, 19 and 20, of Square No. 10, of Friedaichsru Subdivision, said proper being located at the corner of Orleans Street or Protection Levee and Avenue E.

That there is constructed on said above described property, a certain building, within which games of chance, commonly known as roulette, "bird-cage" and faro are played for money and where bets and wagers are made on such games in the said building, and that the same is conducted and is operated for the direct or indirect profit of said defendant and not exclusively to the direct profit of the actual participant in such games.

That the operation and conduct of said gambling establishment in which the aforesaid games are played is a public nuisance under the provisions of Act No. 193 of the General Assembly for the year 1920, commonly known as the Higgins Act, and that the owner of said property should be declared guilty of maintaining a public nuisance.

That petitioners herein desire to avail themselves of the rights accorded to them under the provisions of the aforesaid act of the General Assambly, and to have the said nuisance created by said gambling house abated and to have the said building closed for one year for any purpose whatsoever during that period.

406

That petitioners desire that an injunction issue herein without bond under the provisions of said act, pending the final determination and judgment of this court.

And finally petitioners pray that the annexed affidavits being considered that a temporary injunction issue herein without bond restraining and enjoining the said defendant, Frederick P. Miller, from using the above property where said nuisance is averred to exist, for any purpose or purposes whatsoever; that the said defendant be duly cited to appear and answer this petition and that this court fix a day and daxaugux date upon which this matter shall be heard by preference and priority over all other cases and that after due proceedings had, this court decree the said defendant guilty of maintaining a public nuisance and that the operating and conducting of said gambling house be declared a public nuisance and the said injunction be maintained and perpetuated and that the said place be closed for a period of one year and not to be used for any purpose whatsoever during that period. And for costs and general and equitable relief.

This petition is signed by plaintiffs and is sworn to by Johness and Ahten.

Annexed, we find this order, issued by the Judge on this petition:

### Order.

Let as prayed for a rule to show cause why the nuisance complained of should not be abated and why an injunction should not issue herein as prayed for, said rule returnable March 18th, 1921 at eleven o(clock A. M. Granted, Parish of Jefferson, this 12th day of March 1921.

(Signed) Prentice E. Edrington.
Judge.

To this petition there appeared the defendant, Frederick P. Miller, who excepted to the rule herein taken

407

by plaintiff on various grounds:

1st.     That this court is without jurisdiction.

2nd.     That the rule of plaintiff discloses no cause or
right of action.

3rd.     That respondent should not be compelled to answer
these proceedings for the reason that Act 192 of the Acts
of the General Assembly of the State of Louisiana for the
year 1920 is unconstitutional, null and void, and all pro-
ceedings brought thereunder are illegal, in that said Act
of 1920 contravenes and violates Articles 31, 32 and 177
of the ~~Sommittion~~ Constitution of the State of Louisiana.

And the prayer is that the rule be dismissed at
plaintiff's cost and for general relief.

The exceptions were sworn to and were filed.

Subsequently plaintiffs in a supplemental petition
filed March 21st, 1921, allege in addition to the matters
and things alleged in the original petition, that they are
taxpayers of the State of Louisiana and are entitled to an
injunction forever prohibiting the defendant from conducting
and from being concerned in the conducting or operating of a
public nuisance, like that described in the original petition
filed herein, anywhere within the State of Louisiana.

They pray that the supplemental petition be filed
and allowed and that they have such other orders and decrees
as may be necessary for ~~the~~ full and general relief.

The supplemental petition is/ sworn to by Messrs.
Johness and Ahten and the order issued the same day,
~~hkbkking~~ permitting the filing of the supplemental petition.

We have thus quoted in full, in order for a proper-
understanding and decision in this case, the pleadings, and
from the foregoing, it appears that when the original pe-
tition was filed in this cause, the plaintiffs had not al-
leged among other things that they were taxpayers and un-
der Section 3 of Act 192 of 1920, only taxpayers are given

408

the privilege of resorting to summary proceedings therein provided for.

Defendant protested against the filing on the day of trial, of any supplemental petition, which would supply a cause of action, when had none had previously existed, but the Judge aqua permitted the supplemental petition to be filed.

The Act, Section 1, defines a gambling house, decrees it to be a public nuisance, provides who may sue to abate this nuisance and in what Court same shall be brought.

It goes on further and decrees against whom such suits must be brought and "when the name of the lessee, tenant or other occupants of any place defined as a gambling house by Section 1 of this Act is not known, the action to abate the nuisance created, shall be brought against the person or persons in whose name such property stands at the time said action is filed, upon the assessment books of the Parish wherein such place is situated and such person hereafter referred to as the owner.

And said Section further provides that when the owner is so made the defendant, he may implead the lessee, or tenant actually responsible for the maintenance of such nuisance and on proof that such owner/ has not profited, the owner against whom the suit is brought may be dismissed; in other words, that it is only when the person creating the nuisance is unknown to the plaintiffs, have they a right to proceed against the owner upon the assessment rolls of the property upon which it is claimed a nuisance was being created and it is further provided that when the tenants and lessees are unknown to the plaintiffs, the owner, under such conditions, has a right to implead the tenants or lessees.

The petition doubtless proceeds against the owner because it sets forth that he, the defendant, is the person

409

against whom the property in question should be condemned and closed and further that gambling was being conducted in said property but naming no person who conducts the establishment.

The alleging that gambling is conducted in the establishment, operated for the direct or indirect profit in such games,          does not comply with the provisions of the Act quoted.

The Act itself provides for summary proceedings by injunction or in abatement of property, imprisonment in the Parish Jail; such acts are ever strictly construed.

We are therefore of the opinion that the supplemental petition, on which this actions rests could not and should not have been fried at the date of its filing; that they did not give the particulars required/ under the Act in the original petition, on which the order to show cause was issued.

The authorities are few in number, but those we have found bearing on this subject, covers, in our our opinion, the points decided.

In order to obtain an injunction against or abatement of a nuisance against the owner of the property, the complaining party must show a clear and strong cause supporting his right to such relief, and so where injunction to complainant would result irrespective of the existance of the alleged nuisance, the Court will not decree its abatement.

Rosser vs. Randolph, 31 Am. Dec. 812.

Langdon vs. Chicago R. R. Co. 48 Iowa 437.

Where the name of the lessee, tenant or other occupant of any place defined as a gambling house, by Sec. 1 of this Act, is not known, the action to abate the nuisance created, shall be brought against the person or persons in whose name such property stands at the time such action is filed; and, in order to maintain an action against the person in whose name the property stands, it is necessary that

410

the plaintiff make a prima facie showing that the lessee, tenant or other occupant of the place defined as a gambling house, is unknown to the plaintiff, in order that the owner has a right to implead the tenants or lessees.

Sec. 4, Act. 192 of 1920.

The Judge a quo, not having decided /considered the constitutionality of the Acts in question, under numerous decisions of the Supreme Court and this Court  we cannot decide that question.

For the reasons assigned, it is therefore ordered, adjudged and decreed, that the judgment of the  Court a qua be and the same is hereby affirmed, with costs of both Courts against plaintiff.

-Judgment affirmed-